

FILED

JUN - 8 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JERMAINE M. SPRUILL, #1204891,

      Petitioner,

v.

      ACTION NO. 2:10cv618

HAROLD W. CLARKE, Director,
Department of Corrections,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner, Jermaine M. Spruill ("Spruill"), was convicted in the Circuit Court of the City of Suffolk of one (1) count of

1

robbery, one (1) count of use of a firearm, one (1) count of wearing a mask in public, and one (1) count of conspiracy. Spruill was sentenced to serve thirteen (13) years for robbery, three (3) years for use of a firearm, one (1) year for wearing a mask in public, and three (3) years for conspiracy. These sentences were to be served consecutively, for a total sentence of twenty (20) years in prison. The final order for his convictions was entered on February 27, 2008.

Spruill filed an appeal with the Court of Appeals of Virginia. In an order dated September 8, 2008, Spruill's appeal was denied: Spruill's challenge to the sufficiency of the evidence was found defaulted, his claim of ineffective assistance of counsel was not cognizable on direct appeal, and his claim of juror misconduct was found meritless. Spruill's petition for appeal to the Supreme Court of Virginia was refused on April 23, 2009.

Spruill filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on March 30, 2010, alleging several instances of ineffective assistance of counsel. The Supreme Court of Virginia dismissed the petition on August 11, 2010, finding that Spruill's claims were insufficient to satisfy Strickland v. Washington, 466 U.S. 668, 687 (1984).

On December 7, 2010, while in the custody of the Virginia Department of Corrections at the Greensville Correctional Center, Spruill mailed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court conditionally filed this petition on December 20, 2010. Id. On January 5, 2011, the Court ordered that Spruill's petition be filed. (ECF No. 5.) On February 23, 2011, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a Roseboro Notice. (ECF Nos. 7-10.) The Court has not received any response to Respondent's motion to dismiss.

## B. Grounds Alleged

Spruill asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Ineffective assistance of counsel, based on counsel's failure to object to the prosecutor's use of leading questions;

(2) Ineffective assistance of counsel, based on counsel's failure to object when the prosecutor's questioning on redirect exceeded the scope of cross-examination;

(3) Ineffective assistance of counsel, based on counsel's failure to call an unnamed alibi witness;

(4) Ineffective assistance of counsel, based on counsel's failure to adequately cross-examine an unnamed Commonwealth witness as to the nature of his prior convictions;

3

(5)  Ineffective assistance of counsel, based on counsel's failure to object to the admission of a co-conspirator's confession;

(6) Ineffective assistance of counsel, based on counsel denying him the right to testify by advising him not to testify without explaining the tactic or strategy behind the advice;

(7)  Ineffective assistance of counsel, based on counsel's failure to move to suppress the testimony of various Commonwealth witnesses on the grounds that the witnesses had been offered leniency in exchange for their testimony.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that all of Petitioner's claims are exhausted.[1] Upon review of the merits, the Court RECOMMENDS that

---

[1] Though Respondent has not asserted the statute of limitations as an affirmative defense, the Court considers here the timeliness of Spruill's federal habeas petition. See Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that federal courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). Spruill's conviction became final on July 22, 2009, ninety (90) days after the Supreme Court of Virginia denied his direct appeal, which is the deadline for filing a notice of appeal to the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, infra, Spruill had until July 22, 2010, to file his federal petition for a writ of habeas corpus. Spruill's federal petition was not executed until December 7, 2010, which was almost five (5) months outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court.

4

all claims be DENIED and DISMISSED WITH PREJUDICE.

## A. Exhaustion

In order for the Court to address the merits of Spruill's claims, the claim must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344

Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (stating that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)). In this case, Spruill filed a state habeas corpus petition on March 30, 2010, which was pending until the Supreme Court of Virginia denied the petition on August 11, 2010. The federal statute of limitations was thus tolled for one-hundred and thirty-four (134) days. The deadline for Spruill to file his federal petition for habeas corpus thus became December 3, 2010, and he was four days outside the limitation period when his petition was filed on December 7, 2010.

Accordingly, it appears the instant petition was filed outside the applicable statute of limitations, and Respondent could have asserted the statute of limitations as an affirmative defense. Because the Court has dismissed the instant petition on the merits, thus not relying on the statute of limitations as an affirmative defense, the Court expresses no opinion on whether Respondent "intelligently cho[se] to waive" the defense, or whether the failure to raise the defense was "merely an inadvertent error." Day, 547 U.S. at 210-11 & n.11 (2006).

U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In this case, therefore, the exhaustion requirement for a claim is satisfied if Petitioner advanced that claim to the Supreme Court of Virginia, either on appeal of his conviction or on appeal of his habeas petition.

When Spruill filed his habeas petition to the Supreme Court of Virginia, he advanced claims of ineffective assistance of counsel identical to those alleged in the instant petition. Accordingly, this Court FINDS that Spruill has satisfied the exhaustion requirement for each of his federal habeas claims. Respondent has not alleged that any of Spruill's claims are procedurally defaulted; this Court will, therefore, proceed to consider the merits of Spruill's claims.

## B. **Merits**

The Court now considers Spruill's claims on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d).

6

This statute requires "'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389. In deference to the state court's decision, this Court may not grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## 1. **Ineffective Assistance of Counsel**

Spruill alleges several instances of ineffective assistance of counsel. Spruill must prove that counsel's assistance was "so defective as to require reversal of a conviction" and, to do so, petitioner must "show that counsel's performance was deficient" and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). In short, Spruill must prove both ineffective assistance and prejudice resulting from that ineffectiveness. Kimmelman v. Morrison, 477

7

U.S. 365, 381 (1986). When assessing counsel's performance to determine whether it was ineffective, a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 694. Therefore, in order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 695 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Id. at 697. The court need not even "address both [prongs] if the [petitioner] makes an insufficient showing on one." Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. Id.

### a. Claim ONE – Ineffective assistance of counsel, based on counsel's failure to object to the prosecutor's use of leading questions

Spruill argues that trial counsel failed to object to leading questions by the Commonwealth during redirect. Spruill states that he was prejudiced by this failure to object, because the adverse witnesses' credibility was enhanced by the

8

Commonwealth's questioning. The Supreme Court of Virginia found that this claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The Virginia Supreme Court found that Spruill's failure to identify any specific leading questions to which counsel should have objected or to state what prejudice was caused by such a failure prevented a finding that counsel was ineffective. Id.

This Court agrees that Spruill has failed to meet the Strickland standard. Spruill has not identified specific questions in his petition without which there is a reasonable probability that the result of the trial would have been different. Further, even assuming that counsel failed to make reasonable objections to leading questions, Spruill has failed to demonstrate that such a choice was not reasonable trial strategy. The Virginia Supreme Court's rejection of this claim was not an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. See Vazquez v. Rushton, No. 4:06-cv-01302, 2007 WL 2822430, at *14 (D.S.C. Sept. 27, 2007) (noting that the petitioner's failure to identify the specific questions to which counsel should have objected prevented the court from finding a reasonable probability that counsel's failure to object prejudiced the petitioner). Accordingly, the Court RECOMMENDS

that Claim 1 be DENIED and DISMISSED WITH PREJUDICE.

**b. Claim TWO - Ineffective assistance of counsel, based on counsel's failure to object when the prosecutor's questioning on redirect exceeded the scope of cross-examination**

Spruill argues that trial counsel failed to object to the Commonwealth's questions on redirect which exceeded the scope of cross-examination. He states that he was prejudiced by this because the Commonwealth was able to introduce new evidence supporting its case during redirect testimony. The Supreme Court of Virginia found that this claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The Virginia Supreme Court found that Spruill failed to specifically identify any questions on redirect that exceeded the scope of cross or to state how such failure to object prejudiced him. Id. This Court concurs. Having failed to identify the offending questions, Spruill has failed to demonstrate that counsel should have objected to such questions or shown a reasonable probability that the outcome of Spruill's trial would have been different had the objections been made. The Virginia Supreme Court's rejection of this claim was not an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the Court RECOMMENDS that Claim 2 be DENIED and

10

DISMISSED WITH PREJUDICE.

## c. Claim **THREE** - **Ineffective assistance of counsel, based on counsel's failure to call an unnamed alibi witness**

Spruill argues that trial counsel failed to call "an alibi witness who was present and prepared to give testimony." He states that this prejudiced his case by denying him an additional alibi witness to testify that he was not present at the robbery. The Supreme Court of Virginia found that this claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The Virginia Supreme Court found that two alibi witnesses were presented on Spruill's behalf at trial and that Spruill failed to identify an alibi witness who was not called or to articulate what testimony such a witness would have given. Id. As such, the court found that Spruill had failed to demonstrate either deficient performance of counsel or prejudice. Id. The Supreme Court of Virginia's rationale is a reasonable application of Strickland and there is nothing to suggest that its adjudication was based on an unreasonable determination of the facts. See United States v. Nance, Nos. 89-5683, 89-5686, slip op. at *1 (4th Cir. Feb. 22, 1991)(per curiam) (finding that, where counsel presented two alibi witnesses and the petitioner had failed to articulate the identity or the content of an additional alibi witness'

11

testimony, he had failed to demonstrate ineffective assistance of counsel). Accordingly, the Court RECOMMENDS that Claim 3 be DENIED and DISMISSED WITH PREJUDICE.

**d. Claim FOUR - Ineffective assistance of counsel, based on**
**counsel's failure to adequately cross-examine an unnamed**
**Commonwealth witness as to the nature of his prior convictions**

Spruill argues that trial counsel failed to adequately cross-examine "a witness who admitted to having at least eight prior felonies." (ECF. No. 1 at 11.) Spruill states that counsel's failure prejudiced him because the jury was not made aware of the specific conduct leading to the witness' convictions or whether the witness had "comeback time" exposure that may have influenced the jury's perception of the witness' credibility. Id. The Supreme Court of Virginia found that this claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The Virginia Supreme Court found that two of the Commonwealth's witnesses admitted to at least 8 felony convictions and that Spruill did not identify which witness he was referring to, what questions counsel should have asked, or what the witness' answer would have been. Id. The court thus found that Spruill had failed to demonstrate either deficient performance of counsel or prejudice. Id. Because Spruill makes no argument that specific beneficial testimony was

withheld, this Court cannot find that Spruill's trial attorney's performance was deficient or that Spruill suffered any prejudice therefrom. The Virginia Supreme Court's rejection of this claim was not an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the Court RECOMMENDS that Claim 4 be DENIED and DISMISSED WITH PREJUDICE.

### e. Claim FIVE - Ineffective assistance of counsel, based on counsel's failure to object to the admission of a co-conspirator's confession

Spruill argues that trial counsel failed to object to the admission of co-defendant Antwan Durant's written confession. He states that this prejudiced him by allowing the jury to hear inadmissible hearsay evidence that enhanced Durant's credibility and neutralized the value of any cross-examination during Durant's live testimony. The Supreme Court of Virginia found that Spruill's claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The Virginia Supreme Court found that the record demonstrated that Durant's confession was cumulative of his live testimony and that counsel chose not to object to the confession to avoid the appearance of attempting to conceal any facts contained therein. Id. Thus, the court found that Spruill did not demonstrate that

failing to object to the admission of the confession was not a sound trial strategy or that counsel's actions had prejudiced Spruill, because the information in the confession would have been presented to the jury through live testimony regardless of counsel's objection. Id.

This Court agrees that Spruill has failed to satisfy the Strickland test. The confession stated that Spruill joined Durant and the other co-defendants after he left work on the day of the robbery. Tr. 83 Oct. 27, 2008. The confession further stated that Spruill waited on the front porch to greet the pizza delivery man. Id. The confession also contained information about the clothing the co-defendants, including Spruill, were wearing during the robbery and the proceeds each co-defendant obtained from the robbery, approximately two dollars each. Id. at 84. Durant's live testimony related essentially the same information. Durant testified that Spruill joined Durant and the other co-defendants in committing the robbery and that Spruill was the person waiting on the porch to welcome the pizza delivery man. Id. at 61-62. Durant's testimony about Spruill's clothing during the robbery was identical to that contained in the written confession. Id. at 76. Durant also testified that he and the co-defendants obtained a total of about fifteen dollars from the robbery. Id. at 64. The information provided by the written

14

confession thus substantially mirrored Durant's live testimony. Because the confession was merely cumulative of Durant's testimony, its introduction does not meet the prejudice prong of Strickland. Spruill must show that there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. In the instant case, even if counsel had successfully objected to the introduction of the confession, the jury would have received all of the information therein through Durant's testimony. Thus, the introduction of the confession did not prejudice Spruill in a manner that would raise a question as to the reliability of the result of the trial. Id. at 687.

Because the admission of Durant's written confession clearly did not prejudice Spruill, this Court will not address whether counsel's failure to object to the admission of the confession as inadmissible hearsay constituted deficient performance. Id. at 697 (stating that a court need not address both prongs of an ineffective assistance of counsel claim if the petitioner has failed to satisfy one prong). Accordingly, the Court RECOMMENDS that Claim 5 be DENIED and DISMISSED WITH PREJUDICE.

**f. Claim SIX - Ineffective assistance of counsel, based on counsel denying Spruill the right to testify by advising him not to testify without explaining the tactic or strategy behind such advice**

Spruill argues that trial counsel denied him the right to testify on his own behalf by advising him that his demeanor would not be suitable under cross-examination and failing to explain the strategy behind this advice to Spruill. He argues that this prejudiced him because his testimony would have enhanced his alibi theory and strategy. Spruill alleges that the outcome of the trial would have been different if he had been able to confront his accusers, present favorable alibi testimony, and allow the jury to consider his statements as contrasted with the Commonwealth's "paid testimony." (ECF. No. 1 at 12.) The Supreme Court of Virginia found that this claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The Virginia Supreme Court found that the record indicated that counsel informed Spruill that if he were to testify, he could be questioned about pending robbery and gun charges in another jurisdiction and that counsel believed his demeanor could negatively impact the jury. Id. The court also noted that Spruill represented to the trial court that he had freely chosen not to testify. Id. The court concluded that

16

Spruill had failed to show that counsel's performance was deficient in advising him against testifying or a reasonable probability that in the absence of the alleged error, the outcome of the trial would have been different.

This Court agrees that Spruill has failed to satisfy the Strickland analysis. Under Strickland, a reviewing court will consider whether counsel's actions were reasonable "under prevailing professional norms," and in light of the circumstances. Strickland, 466 U.S. at 697. Counsel's affidavit indicates that counsel made a tactical decision that Spruill should not testify on his own behalf. Hancock Aff. at 2. The Fourth Circuit has awarded significant deference to advice by counsel regarding whether a criminal defendant should testify on his own behalf as a tactical decision that should not be subject to post hoc review. Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) (stating that "the advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.") (internal quotations and citations omitted). Spruill has thus failed to demonstrate that counsel's advice was not sound trial strategy or that it fell below an objective standard of reasonableness. Additionally, counsel presented two alibi witnesses who each testified in a manner that

mirrors the testimony Spruill claims he would have presented himself. Tr. 189-99, 204-10 May 15, 2008. Thus, the jury was presented with the information that Spruill would have testified to and Spruill has failed to demonstrate that, had he testified, there is a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Based on the foregoing, this Court finds the state court's decision was not an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the Court RECOMMENDS that Claim 6 be DENIED and DISMISSED WITH PREJUDICE.

**g. Claim SEVEN - Ineffective assistance of counsel, based on counsel's failure to move to suppress the testimony of various Commonwealth witnesses on the grounds that the witnesses had been**

**offered leniency in exchange for their testimony**

Spruill argues that trial counsel failed to suppress the testimony of several testifying co-defendants who were being offered leniency in exchange for testifying against him. More specifically, Spruill alleges that use of such "hired" testimony should be barred by 18 U.S.C. § 201(c)(2), which prohibits bribery of witnesses. He states that this prejudiced him by strengthening the Commonwealth's case and that a conviction could not have been obtained without this testimony. The Supreme Court

of Virginia found that this claim satisfied neither prong of the Strickland test. Order, Record No. 100610 (Sup. Ct. Va. Aug. 11, 2010). The court found that, although two co-conspirators testified that the Commonwealth had agreed to drop certain charges in exchange for their testimony against Spruill, the corresponding Virginia anti-bribery statute (Va. Code Ann. § 18.2-441.1 (1975)) does not prohibit the Commonwealth from offering a witness favorable treatment in exchange for truthful testimony. Id. Thus, any objection counsel may have made on this basis would have been overruled. Id.

This Court agrees that Spruill has failed to satisfy the Strickland analysis. The Fourth Circuit has explicitly held that the government does not violate the anti-bribery statute by offering favorable treatment in exchange for truthful testimony. U.S. v. Richardson, 195 F.3d 192, 197 (4th Cir. 1999) (stating that "the government does not violate § 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony.") (internal citations omitted). Because an objection based on the Commonwealth's favorable treatment of a witness would have been futile, counsel was not ineffective for failing to object. See Higgs v. U.S., 711 F.Supp.2d 479, 506 (D. Md. 2010) (stating that "[w]here objection to evidence would have been futile, counsel is not constitutionally ineffective for

failing to make it.") (internal citations omitted). The Virginia Supreme Court's rejection of this claim is not an unreasonable application of <u>Strickland</u> or based upon an unreasonable determination of facts in light of the record. Accordingly, the Court RECOMMENDS that Claim 7 be DENIED and DISMISSED WITH PREJUDICE.

### III. RECOMMENDATION

For the foregoing reasons, having found that Spruill's claims are meritless, the Court RECOMMENDS that Petitioner's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Petitioner's claims be DISMISSED WITH PREJUDICE.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings

and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
June 8, 2011

21

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

> Jermaine M. Spruill, #1204891
> Greensville Correctional Center
> 901 Corrections Way
> Jarratt, Virginia  23870
> PRO SE

> Josephine F. Whalen, Esq.
> Assistant Attorney General II
> Office of the Attorney General
> 900 E. Main Street
> Richmond, Virginia  23219
> COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: _A. D. Lambert_

Deputy Clerk

June _7_ , 2011

22