

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JERMAINE M. SPRUILL,

    Petitioner,

v.                                     Case No.: 2:10cv618

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

### FINAL ORDER

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the city of Suffolk, Virginia, of one count of robbery, one count of use of a firearm, one count of wearing a mask in public, and one count of conspiracy. Petitioner was sentenced to serve a total term of twenty (20) years of imprisonment.

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on June 8, 2011, recommending

that the petition be denied and petitioner's claims be dismissed with prejudice. (ECF No. 12.) By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On June 23, 2011, the Court received and filed the petitioner's written objections. (ECF No. 13.) The respondent filed no response to the petitioner's objections.

The magistrate judge recommended that each of petitioner's seven claims be denied on the merits. Each claim alleges ineffective assistance by petitioner's trial counsel. Such claims must satisfy a two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must establish that counsel's performance was deficient and that counsel's errors were so serious that the result at trial is not reliable. Id. at 687. Petitioner objects to the magistrate judge's findings as to each claim. The Court OVERRULES each of petitioner's objections as follows:

1. Petitioner's objections related to claim one are OVERRULED because petitioner still fails to identify the leading questions asked by the prosecutor at trial which petitioner asserts were not objected to by trial counsel. Because petitioner has not identified where trial counsel failed to object, the Court cannot find that trial

2

counsel was ineffective under Strickland.

2. Petitioner's objections related to claim two are OVERRULED because petitioner still fails to identify the questions asked by the prosecutor on redirect examination which petitioner asserts were not objected to by trial counsel. Because petitioner has not identified where trial counsel failed to object, the Court cannot find that trial counsel was ineffective under Strickland.

3. Petitioner's objections related to claim three are OVERRULED because petitioner still fails to identify the alibi witness who could have been called on his behalf at trial. Petitioner alleges that this unnamed witness would have testified that the petitioner was not at the scene of the robbery. However, the magistrate judge noted that two alibi witnesses did testify on petitioner's behalf at trial and petitioner does not provide any reason why counsel's failure to call a third alibi witness was prejudicial. Because petitioner has not identified the unnamed alibi witness or articulated the importance of the potential testimony, the Court cannot find that trial counsel was ineffective under Strickland.

4. Petitioner's objections related to claim four are OVERRULED because petitioner still fails to identify the

3

witness for whom counsel failed to cross-examine concerning the witness' prior convictions. Because petitioner has not identified in the record where counsel allegedly failed to conduct a proper cross-examination of a witness, the Court cannot find that trial counsel was ineffective under Strickland.

5. Petitioner's objections related to claim five are OVERRULED because petitioner has not established prejudice due to the reading of a co-defendant's statement at trial where the co-defendant testified at trial and his testimony was entirely consistent with the prior statement. Petitioner has not shown how the result at trial would have been different if the statement had not been read to the jury. The magistrate judge's report describes the strength of the case against the petitioner and how the co-defendant's live testimony provided strong evidence of the petitioner's guilt. The Court finds that this claim fails to satisfy the prejudice prong established by Strickland.

6. Petitioner's objections related to claim six are OVERRULED because petitioner has not established either prejudice or deficient performance due to counsel's strategic decision to advise petitioner not to testify at

trial. Petitioner asserts that he expressed his desire to testify to counsel but as noted in the magistrate judge's report, counsel advised petitioner not to testify due to petitioner's prior convictions and the effect petitioner's demeanor might have on the jury. Further, petitioner represented to the trial court that he had freely chosen not to testify. Finally, two alibi witnesses were proffered by the defense which reduces the probative value of petitioner's proposed testimony that he was not at the scene of the robbery. Therefore, the Court finds that this claim fails to satisfy either prong established by Strickland.

7. Petitioner's objections to claim seven are OVERRULED because petitioner's argument that counsel should have moved to suppress certain witnesses' testimony on the basis that they received leniency in exchange for their testimony has been rejected by the Fourth Circuit as explained in the magistrate judge's report. The Court finds that this claim fails to satisfy either prong established by Strickland.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on June 8,

2011, (ECF No. 12), and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that the respondent's Motion to Dismiss, (ECF No. 7), be GRANTED. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

IT IS SO ORDERED.

                                           /s/
                        Raymond A. Jackson
                        United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

_August 1_, 2011